# IN THE COURT OF APPEALS OF IOWA

No. 17-1702
Filed December 19, 2018

**JASON KENSETT,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Henry County, Lucy J. Gamon, Judge.

A petitioner appeals the dismissal of his application for postconviction relief.
**AFFIRMED.**

William Monroe of Law Office of William Monroe, Burlington, for appellant.

Thomas J. Miller, Attorney General, and Benjamin Parrott, Assistant Attorney General, for appellee State.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**McDONALD, Judge.**

Jason Kensett was convicted of "manufacturing more than five grams of methamphetamine, a class B felony, in violation of Iowa Code section 124.401(1)(b)(7) (2009), and possessing anhydrous ammonia and lithium with the intent that the products be used to manufacture methamphetamine, both class D felonies, in violation of Iowa Code section 124.401(4)(b)." *State v. Kensett*, No. 11-0621, 2012 WL 3026528, at *1 (Iowa Ct. App. July 25, 2012). This court affirmed his convictions on direct appeal. *See id.*

In this appeal, Kensett contends the district court erred in denying his application for postconviction relief. The only claim at issue on appeal is Kensett's claim that his trial counsel operated under a conflict of interest because the magistrate who signed the search warrant, which resulted in evidence obtained and used in the underlying criminal proceeding, was Kensett's trial counsel's law partner. Kensett contends his trial counsel thus had divided loyalties. The postconviction court denied Kensett's claim, and Kensett timely filed this appeal.

Because Kensett's claim implicates the constitutional right to the assistance of counsel, our review is de novo. *See State v. Vaughan*, 859 N.W.2d 492, 497 (Iowa 2015) ("We review conflict-of-interest allegations de novo."). With respect to conflict-of-interest claims,

> automatic reversal is required under the Sixth Amendment only when the trial court refuses to inquire into a conflict of interest over defendant's or counsel's objection. When neither the defendant nor his or her attorney raises the conflict of interest, the defendant is required to show an adverse effect on counsel's performance to warrant reversal, even if the trial court should have known about the conflict and failed to inquire.

*Id.* at 500 (citation omitted). "[A]n adverse effect occurs when counsel fails to pursue a plausible strategy or tactic due to the existence of a conflict of interest." *Id.* at 501.

Kensett contends he need not establish the potential conflict of interest adversely affected counsel's performance. He contends automatic reversal is required. We respectfully disagree. Neither Kensett nor his trial counsel raised the potential conflict of interest in the underlying criminal proceeding. Kensett's contention is thus contrary to *Vaughan. See id.* at 500.

Further, on de novo review of the record, there is no evidence the potential conflict of interest had an adverse effect on counsel's performance. The record shows Kensett's privately-retained trial counsel filed a motion to suppress evidence and vigorously challenged the validity of the search warrant. Trial counsel attacked the credibility of the confidential informant and argued the warrant itself was predicated on unlawfully obtained information. The district court in the underlying criminal proceeding denied the motion to suppress evidence. The validity of the warrant was again challenged on direct appeal, and this court rejected that challenge. *See Kensett*, 2012 WL 3026528, at *5 (affirming denial of motion to suppress evidence). There is no showing of what, if anything, counsel should have done differently in challenging the motion. There is no showing trial counsel failed to pursue a plausible argument, strategy, or tactic. In the absence of evidence showing the potential conflict of interest had an adverse effect on trial counsel's decision with respect to the suppression motion, we are "left with sheer speculation, and that is not enough." *Mediina v. United States*, CR No. 04-043-

ML, 2008 WL 4974597, at *9 (D.R.I. Nov. 21, 2008) (denying application for postconviction relief where offender asserted a claim that potential conflict of interest had an adverse effect on trial counsel's decision to forego a motion to suppress evidence) (quoting *Reyes-Vejerano v. United States*, 276 F.3d 94, 100 (1st Cir. 2002)).

For these reasons, the district court did not err in denying Kensett's application for postconviction relief.

**AFFIRMED.**